UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ERA HELICOPTERS, LLC, *et al*, } | |
| } | |
| Plaintiffs, } | |
| VS. } | CIVIL ACTION NO. G-07-487 |
| } | |
| ISLAND OPERATING COMPANY, INC., } | |
| } | |
| Defendant. } | |

## **OPINION & ORDER**

Pending before the Court are Defendant Island Operating Company, Inc.'s ("Island Operating") Motion for Partial Dismissal of the Plaintiffs' Damage Claims, or for Alternative Relief, and Associated Prayer for Sanctions (Doc. 16); Plaintiffs Era Helicopters, LLC ("Era Helicopters") and United States Aviation Underwriters Inc.'s ("Insurance Company") Brief in Opposition to Motion for Partial Dismissal, or for Alternative Relief and Sanctions (Doc. 17) and Island Operating's Reply to Response to Motion for Partial Dismissal. (Doc. 21).   For the reasons articulated below, the motion for partial dismissal is DENIED.  The motion for alternative relief is granted.

I.     **Background & Relevant Facts.**

This lawsuit concerns accidental damage done to one of Era Helicopter's aircraft while it was stationed at Island Operating's offshore refinery.  Doc. 16 Exh. 1 at 2.  Insurance Company provided coverage to Era Helicopters for the accident up to a limit and less a deductible.  Doc. 17 at 2.  Now Era Helicopters seeks to recover the remaining loss from Island Operating. *Id*.  Insurance Company brings suit jointly with Era Helicopters by way of subrogation. *Id*.

In order to ascertain the cost of potential damages due to the accident, Island Operating propounded discovery requests on April 30, 2008. Doc. 16 Exh. 3 at 20-26. The main concern of Island Operating was that Insurance Company had so far provided conclusory statements regarding the price of repairs, causing Island Operating to resist settlement efforts. For example, Interrogatory No. 5 requested the following: "What was the **actual cost** of the repair (parts, labor, and test flights) for the repair of the helicopter in question after the accident." *Id*. at 24. Requests for Production of Documents No. 4 requested the following: "Please produce the proof of purchase such as invoice, bill of laden, purchase order, or any and all other documents that reflect the purchase of each and every part actually used in the repair of the helicopter in question after the accident." *Id*. Interrogatory No. 6 requested the following: "Where did you acquire the main rotor blades that were used to replace the main rotor blades involved in the accident, from whom were they purchased, and what amount was paid." *Id*. Request for Documents No. 5 requested the following: "Please produce all documents connected in any way with your acquisition of the main rotor blades that were used to replace the main rotor blades involved in the accident." *Id*.

As the actual cost of repairs, Plaintiffs objected to the request as "vague and confusing." Doc. 17 Exh. 1 at 15. They made a flat demand for $336, 916.85 in damages. *Id*. Plaintiffs also did not produce any documentation of the cost of buying replacement parts for the helicopter, including the rotor blades, stating that these requests for documentation were "overly broad." *Id*. at 16. Instead Plaintiffs merely informed Defendants that the rotor blades cost $56, 381.11 each. *Id*.

In order to resolve their discovery disputes the parties met for a Rule 37(a)(1) conference. Doc. 16 Exh. 1 at 11. Island Operating was still not provided with any

documentation as to the actual price of parts used to repair the helicopter. *Id*. at 11-16. Defendants also requested documentation that would allow them to calculate the remaining useful life of the damaged parts. *Id*. They allege that Plaintiffs only produced illegible documentation in response. *Id*.

Island Operating also requested to inspect the helicopter involved in the accident. Doc. 21 at 8. Plaintiffs have so far refused that request. *Id*. Defendants allege that the helicopter has with it logs that would confirm the remaining useful life of the damaged rotor blades, allowing for an assessment of their value at the time of the accident. *Id*.

Island Operating filed the instant motion for partial dismissal because of Plaintiffs' failure to comply with discovery requests. Doc. 16. Insurance Company and Era Helicopters attached as an affidavit to the response to this motion an explanation for why the invoices as to the repair parts had not been forthcoming. Doc. 17 Exh. 1 at 22. According to counsel for Plaintiffs, they had no access to this information because the records belonged to another corporation from whom the flight operations were acquired by Era Helicopters' parent company. *Id*. Counsel for plaintiffs went on to reassure the Court that this lack of information was no problem at all as Island Operating could "easily ascertain" the value of repairs by looking for market value of the parts. *Id*. at 24. In fact, Plaintiffs were of the view that Island Operating was better off since Era Helicopters' demand for reimbursement was based on prices that were at a discount. *Id*.

In another late disclosure in their responsive pleading to Defendant's Motion for Partial Dismissal, Plaintiffs explained their failure to document the cost of damage to the helicopter for which they were seeking reimbursement, by stating "[t]here was confusion in the case as to the amount paid by Era for the main rotor blades." Doc. 17 at 7 n.5. Specifically, Era

Helicopters now concedes that the rotor blades were replaced from stock already available to it, rather than using blades ordered specifically for this repair. *Id*. Although it remains unclear from the pleadings, Era Helicopters and Insurance Company assert that they have already provided documentation that would allow for the cost of the rotor blades to be ascertained. *Id*. Era, in its footnote to its responsive pleading, now states that the cost of each blade was $51, 000. *Id*.

II. **Discussion.**

The parties face imminent trial in this standard accident case involving a helicopter and a refinery crane. Yet only at this late date, are facts essential to the determination of damages being revealed by Plaintiffs. It is only through responsive pleadings to a motion to dismiss the case by Defendants that Plaintiffs finally explain why they cannot provide actual cost of the replacement parts for the parts damaged in the accident. Pursuant to Federal Rules of Civil Procedure 33 and 34, Island Operating had the power to propound interrogatories and requests for documents respectively upon Era Helicopters and Insurance Company. To demand proof of purchase of the replacement parts in a lawsuit where plaintiffs will seek from defendants damages amounting to the cost of those parts is unquestionably within the scope of Rule 26(b), which outlines the extent of the powers of Rule 33 and 34. To object to these demands for information as "overly broad" was an act of stonewalling.

Furthermore, Island Operating wished to inspect the helicopter involved in the accident. It is not for Plaintiffs in a suit for damages to a helicopter to dictate to Defendants that inspection of the helicopter in question was irrelevant. Pursuant to Rule 34(a)(1)(B), parties to a lawsuit may request, within the scope of Rule 26(b), the right to inspect "any designated tangible thing." Apparently, Plaintiffs are unable to understand the straightforwardness and simplicity of Rules 26(b) and Rule 34 as they relate to this case. Inspection of the helicopter is a common-sense step

in a diligent investigation of a claim for reimbursement.  Island Operating need not take any statements made about the repair of the helicopter on faith.  Seeing is believing.  Added to that, there are some claims that  flight logs kept with the helicopter would confirm the remaining useful life of the rotor blades allowing for an accurate estimation of their value at the time of the accident.  Plaintiffs make assertions that they have already provided maintenance logs allowing for the remaining life to be calculated.  Defendants dispute the legibility and usefulness of the maintenance logs provided.  Whatever the merits of that debate, the right to confirm the information provided in the maintenance logs by checking the flight logs kept with the helicopter should be obvious.

It should go without saying that it is the "plaintiff's burden to show its compensable damages." *Servicios-Expoarma, C.A. v. Industrial Maritime Carriers*, 135 F.3d 984, 995 (5th Cir. La. 1998).  Plaintiffs have failed to provide Defendants with discovery that confirms their estimation of damages, despite being properly served with discovery.  Consequently, the Court will grant Island Operating's motion to compel discovery.  This order is appropriate at this time under Rule 37 because the parties have already attempted to resolve their discovery disputes via conference as required by Rule 37(a)(1).[1]

The Court now comes to the matter of sanctions.  Island Operating requests attorney fees under Rule 37(d)(3).  Although it is unclear on what basis, Insurance Company and Era Helicopters also requests attorney fees. As the Court is granting in part Island Operating's motion, Plaintiff's motion to sanction Defendants for filing a frivolous motion is denied.  As for sanctions under Rule 37(d)(3) they are only available for a complete failure to file answers to

---

[1] Island Operating makes an additional motion for partial dismissal of damage claims, arguing that a motion to compel is not a pre-requisite to such a drastic remedy based on failure to comply with discovery.  This flies in the face of the language of Rule 37, which provides that dismissal is a sanction available to the Court only upon failure to comply with a discovery *order*.  Fed. R. Civ. P. 37(b)(2)(A)(v).

interrogatories or requests for documents. Fed. R. Civ. P. 37(d)(1)(A)(iii). Although the Court finds Plaintiff's responses to discovery requests incomplete and evasive, this is insufficient to make attorney fees an applicable sanction under the Rules. *See* 8A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE, § 2291 (2ed. 1994). Therefore, Island Operating's motion for attorney fees is also denied, although with the accompanying admonition to Plaintiffs that under Rule 37(b)(2)(C) attorney fees will be an available sanction if Plaintiffs fail to comply with this discovery order.

### III.    **Conclusion.**

Accordingly, it is hereby ORDERED that Island Operating Company, Inc.'s motion for partial dismissal is DENIED. It is further

ORDERED that Island Operating Company, Inc.'s motion for sanctions is DENIED. It is further

ORDERED that Island Operating Company, Inc.'s motion for alternative relief is GRANTED. Within 14 days of the date of the entry of this ORDER, Plaintiffs Era Helicopters, LLC and United States Aviation Underwriters Inc. shall provide the following discovery:

> (1) all documentation available to Plaintiffs that may lead to Defendants to an accurate calculation of the costs of repair parts. For example, Plaintiffs claim that due to a recent merger in 2005 records of the value of the rotor blades are not accessible to them. Plaintiffs, however, should make all efforts possible to obtain these records by contacting the prior owner of the flight operations of their company or provide an explanation why they were unable to obtain these records.

(2) If no documentation is available on the actual cost of repair parts, because they have been destroyed, or a third party refuses to provide them, or for some other extenuating reason, then it is incumbent upon Plaintiffs to provide supporting market data for their claimed costs.  This data will include the then market value of the parts used in the repair, as well as the discount rate available to Era Helicopters at or near the time when the accident occurred.

(3) Allow and arrange for Defendant's inspection of the helicopter involved in the accident.  This includes access to all logs kept with the helicopter that would allow a calculation of the remaining life of the rotor blades and any other parts that were replaced after the accident.

(4) Provide any other documentation or witnesses that are reasonably calculated to lead to admissible evidence relating to the issue of liability and damages arising from the accident between the helicopter and the refinery crane that is the subject of this lawsuit.

It is Further ORDERED that at the Docket Call to be held at 1:30 p.m. March 6, 2009 in Courtroom 9C, 515 Rusk, Houston, Texas,  a new trial schedule shall be established.

SIGNED at Houston, Texas, this 23rd day of February, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE